# Wytheville.

## Herman Blankenship v. Commonwealth.

### June 15, 1922.

1. Larceny—*Value—Conclusiveness of Verdict.*—An indictment for the larceny under section 4440, Code 1919, of dogs alleged that the dogs were of the value of $100.00 each. There was evidence for the Commonwealth that the dogs in question were worth the amount alleged in the indictment, and evidence for the defendant that they had no commercial value whatever. A verdict of guilty settled this conflict against the defendant.

2. Larceny—*Dogs—Section 4440 of the Code of 1919.*—Under an indictment for the larceny of dogs under section 4440 of the Code of 1919, proof that the dogs had been assessed with a license tax, and that the tax thereon was not delinquent, is essential to the defendant's conviction, in view of section 2324 of the Code of 1919, section 4445 of the Code of 1919, having no application to a charge of grand larceny, and, moreover, not embracing the territory in which the instant case arose.

3. Dogs—*Larceny—Common Law of Virginia.*—At common law dogs were not the subject of larceny, and this doctrine has been clearly recognized by the Virginia statutes and decisions.

Error to a judgment of the Corporation Court of the city of Roanoke.

*Reversed.*

The opinion states the case.

*John G. Challice,* for the plaintiff in error.

*John R. Saunders, Attorney-General, J. D. Hank, Jr., Assistant Attorney-General,* and *Leon M. Bazile, Second Assistant Attorney-General,* for the Commonwealth.

Kelly, P., delivered the opinion of the court.

Herman Blankenship was convicted in the Corpora-

tion Court of the city of Roanoke and sentenced to the penitentiary for one year upon an indictment charging him with the larceny of two dogs valued at $100 each.

The prosecution was instituted under section 4440 of the Code, which provides that "if any person commit simple larceny, not from the person of another, of goods and chattels, he shall be, if they are of the value of fifty dollars or more, deemed guilty of grand larceny, and be confined in the penitentiary not less than one nor more than ten years."

The question which presents itself at the outset is whether dogs are such "goods and chattels" as to be the subject of larceny in Virginia.   In Minor's Synopsis of Criminal Law, page 106, the learned author says with respect to dogs, cats, parrots, etc.:   "These have no such value as to be *subjects of larceny*, apparently from tenderness to the life and liberty of the citizen, but a *civil action* may be maintained for them.   An exception, however, is made by the statute in the case of dogs in Richmond and Manchester and in the county of Henrico, and also in the case of all dogs which are listed for taxation, and wear a *tag*.   (V. C. 1887, ch. 181, sec. 3711; 2 Bl. Com. 393.)   And, *perhaps*, at common law it may be so when animals of this description have a pecuniary value, apart from the *whim or caprice* of the owner, as in case of persons who deal in them as articles of merchandise, or of a trained shepherd's dog, and the like, and they may be the subjects of larceny."

In 17 R. C. L., sec. 35, p. 32, it is said that the reasoning of the common law rule, however satisfactory it may have once been, cannot be regarded as applicable in this day, and ought to yield to common sense; and the text adds:   "Accordingly the rule of the early common law has not been generally followed,

and at the present time dogs are usually to be considered the subject of larceny. The early common law rule in this respect was very technical and was without any sound basis to rest on, and while the strict common law definition of goods and chattels would not include dogs, the courts have declined to adopt that rule, but have held that the common understanding of the meaning of such words would be resorted to, and that in such view dogs are clearly chattels."

We have not examined the authorities cited in support of the last above quotation, but would be strongly inclined to follow the conclusion therein announced, if we could regard the question as an open one in Virginia, and if we did not feel that such a conclusion would contravene a just and reasonable policy in this State, requiring all persons who wish to treat their dogs as personal property to have them listed for taxation.

[1, 2] There was evidence for the Commonwealth that the dogs in question were worth the amount alleged in the indictment, and evidence for the defendant that they had no commercial value whatever. The verdict of the jury settled this conflict against the defendant; but there was no proof that the dogs had been assessed with a license tax, and that the tax thereon was not delinquent. Such proof was, in our opinion, essential to the defendant's conviction.

Section 2324 of the Code is as follows: "All dogs in this State which have been assessed with a license tax and upon which the said license is not delinquent, shall be deemed personal property, and may be the subject of larceny and malicious or unlawful trespass."

The only other statutory provision bearing upon the larceny of dogs is section 4445 of the Code, which is as follows: "All dogs in the cities of Richmond, Peters-

burg and Alexandria, and in the county of Henrico whether listed for taxes or not, shall be deemed personal property, and may be the subject of *petit larceny and malicious or unlawful trespass.*" (Italics added.)

The latter section has no application to grand larceny, and, moreover, does not embrace the territory in which this case arose, and it seems clear, therefore, that under the law of this State the Commonwealth failed to sustain the charge against the defendant by sufficient evidence. The generally accepted doctrine of the common law, clearly recognized by our statutes, was that dogs were not the subject of larceny; and this case is not shown to be within the statutory exceptions to that doctrine.

In 2 Whart. Cr. Law (11th ed.), sec. 1107, it is said: "But as to all other animals which do not serve for food, such as dogs and ferrets, though tame and salable, or other creatures kept for whim or pleasure, stealing these does not amount to larceny at common law. It is otherwise, however, when they are taxed." See also to the same effect *Sentell* v. *N. O. & C. R. Co.*, 166 U. S. 698, 701, 17 Sup. Ct. 693, 41 L. Ed. 1169, 1170; Davis' Cr. Law 185; 3 Chitty's Cr. Law (3d Am. Ed.) 934b; 18 Am. & Eng. Ency. L. (2d ed.) 514; Idem, Vol. 2, p, 347; 25 Cyc. 18.

*Com.* v. *Maclin*, 3 Leigh (30 Va.) 809, is in point. That was a case involving a criminal prosecution for killing dogs under section 1, chapter 34, Acts 1822-3, making it unlawful for any person to knowingly and willfully destroy or injure "property, real or personal, belonging to another," and therefore substantially the same question was there involved as we have here. The court in that case said: "By the common law property in dogs and other inferior animals is not such as that larceny can be committed by stealing them,

though the possessor has a base property in them and may maintain a civil action for injuries done to them, and in a penal act like the one now under consideration the word 'property' standing alone ought to be considered to mean full and complete property, such as by the common law may be protected by a public prosecution for the larceny thereof."

The decision in *Maclin's Case*, with a just apology to the dog by Judges Moncure and Joynes, was reaffirmed in *Davis' Case*, 17 Gratt. (58 Va.) 617, upon the principle of *stare decisis*, reinforced by the long subsequent acquiescence of the Virginia Legislature. The judgment in that case was as follows: "The court is of opinion, for reasons stated in writing and filed with the record, that on the principle of the decision in *Maclin's Case*, 3 Leigh (30 Va.) 809, it is not an indictable offense to kill a dog, though it may be the ground of a civil action for damages; and whatever doubt may exist as to the correctness of that decision, yet as it has never been overruled, but on the contrary has been tacitly sanctioned by the legislature, by embodying in the act of March 14, 1848, called the 'Criminal Code,' and in the Code of 1849, without substantial change, the statute which was construed in that case, being the same in effect, so far as relates to this case, with the 53d section of chapter 192 of the Code of 1860, on which the prosecution in this case was founded, the court is of opinion that the said decision ought now to be regarded as a binding authority."

In a note found in 10 Va. Law Reg. p. 460, the Virginia decisions and statutory provisions upon this subject are discussed, and the following manifestly correct conclusion is announced: "The status of the law in Virginia then seems to be that in dogs not listed

for taxes, or upon which the license tax is delinquent, there can be only a qualified or base property and they are not subjects of larceny, but the owner may maintain a civil action for injuries done to them. But dogs that are listed and upon which there are no delinquent taxes constitute property in the ordinary sense, just as other domestic animals do."

It may be in order to observe that the act of May 9, 1903 (Acts 1902-3-4, p. 312), which, so far as pertinent here, has been supplanted by section 2324 of the Code, expressly provided that *no other* dogs than those assessed and not delinquent could be the subject of larceny, and this express restriction is not found in the present statute. We do not regard this omission, however, as at all controlling in construing the present law. The whole subject is dealt with by statute, and the only exception to the general rule is found in section 4445 of the Code, *supra.*

For the reasons stated by this court in the *Davis Case, supra,* as well as because we wish to support the plain policy of the legislature in this respect, we feel constrained to hold that before the Commonwealth can sustain a conviction in a case like this, it must show that the dogs had been assessed with a license tax which was not delinquent at the time of the alleged larceny.

It is proper to say that the question herein discussed, and upon which our decision rests, does not appear to have been raised in any way at the trial, and has not been raised by counsel in this court. The question, however, goes to the substance of the crime charged, and we do not feel warranted in sustaining the conviction upon the present state of the record.

That there may be no undue concern or smypathy for the two dogs and their owner, it is here stated that

they were promptly recovered by the latter and are back at home.

The judgment will be reversed, and the cause remanded for a new trial, if the attorney for the Commonwealth shall so advise.

*Reversed.*